1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 06CR2505 IEG |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| vs. | |
| CARLOS JESUS MARGUET-PILLADO, | (Doc. No. 51, 56) |
| Defendant. | |

On November 28, 2006, Carlos Jesus Marguet-Pillado ("Defendant") was indicted on one count of being a deported alien found in the United States. Defendant has moved this Court to reconsider its previous order denying his motion to dismiss the indictment due to an invalid deportation.

## BACKGROUND

**A.  Factual Background**

Defendant was born in Tijuana on November 4, 1968. Defendant's biological father is unknown, and the parties agree that Mr. Michael Marguet ("Mr. Marguet") is not Defendant's biological father. Nonetheless, Mr. Marguet held Defendant out as his son, claiming him as a dependent on tax returns and obtaining federal food stamp aid for him. Mr. Marguet was named as Defendant's father on a Mexican birth certificate filed on August 23, 1973–almost five years after defendant's actual date of birth. During an interview with an immigration examiner on January 9, 1974, Mr. Marguet claimed that he registered Defendant as his own child because he wanted to marry

1 defendant's mother, Juana Pillado, and immigrate her family.  That same date, Defendant became a
2 lawful permanent resident.

3 After convictions in San Diego County Superior Court for second-degree burglary and
4 attempted murder with a firearm, Defendant was released from prison in 2002.  In 2006, Defendant
5 was taken into custody in an unrelated incident[1] and turned over to immigration authorities.
6 Defendant moved to terminate removal proceedings, claiming derivative citizenship through Mr.
7 Marguet.  The Government opposed the motion on the basis of evidence Mr. Marguet was not
8 Defendant's biological father.  In a hearing on September 22, 2006, the Immigration Judge ("IJ")
9 denied Defendant's motion to terminate removal proceedings and ordered Defendant deported.

10 Defendant was apprehended in a traffic stop in Chula Vista on October 20, 2006.  He was
11 arrested on two outstanding domestic violence warrants and referred to immigration officials.
12 Defendant was charged by indictment with being a deported alien found in the United States in
13 violation of 8 U.S.C. § 1326.

14 **B.     Defendant's June 26, 2007 Motion to Dismiss**

15 On June 26, 2007, Defendant filed a motion to dismiss the indictment based on an invalid
16 deportation.  Defendant argued his deportation proceeding were fundamentally unfair because the IJ
17 incorrectly advised him on the law by stating that he could not establish derivative citizenship unless
18 he had a biological relationship with Mr. Marguet.  The Defendant asserted he was prejudiced by the
19 IJ's erroneous interpretation because he was eligible for derivative citizenship as the legitimated child
20 of Mr. Marguet.

21 In a July 16, 2007 Order ("July 16th Order"), this Court denied Defendant's motion on two
22 independent grounds.  First the Court concluded the IJ had properly interpreted the relevant law, the
23 1968 version of 8 U.S.C. § 1409,[2] as requiring a blood relationship between a U.S. citizen parent and
24 child in order to transmit citizenship to a child born abroad.  Second, and in the alternative, the Court
25 concluded that even if the IJ had erred in its interpretation of section 1409—and the section were

---

27 [1] Defendant was not charged in conjunction with the unrelated incident.

28 [2] All references to 8 U.S.C. § 1409 are to the version of the statute in force at the time of Defendant's birth in 1968 unless otherwise noted.

instead interpreted to allow for derivative citizenship where no blood relationship existed, thus making Defendant eligible for derivative citizenship if he were in fact legitimated under California law—Defendant had failed to establish he was prejudiced by the IJ's contrary interpretation of the law because he had not cited the applicable California law on legitimation. The Court explained that while Defendant had presented the California law on legitimation effective in 1975, Civil Code § 7004, the Court was required to apply the law in effect at the time of his birth, 1968, which the Defendant had failed to identify.

The matter proceeded a bench trial on September 25, 2007. At the conclusion of the proceedings, the Court found Defendant guilty of being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

**C.     Defendant's Motion for Reconsideration**

On January 29, 2008, Defendant filed the present motion for reconsideration. He contends the Court erred in its analysis of prejudice in the July 16th Order. Specifically, Defendant argues while the Court was correct in its assertion that it must apply the law of derivative citizenship applicable to Defendant at the time of his birth, the applicable federal law, 8 U.S.C. § 1409, only requires "paternity of [a] child is established while such child <u>is under the age of twenty-one years</u> by legitimation." 8 U.S.C. § 1409 (1952) (emphasis added). Which, the Defendant argues, means the legitimating acts—as defined by the law of the child's domicile (in this case California)—can take place at any time before he turns twenty-one. Defendant asserts that because Mr. Marguet held Defendant out as his own and placed his name on his birth certificate, California recognized Mr. Marguet's legitimate paternity at least by 1975, the year in which Civil Code § 7004 was enacted.[3] In that year Defendant was seven years old, or under the age of twenty-one. Thus, Defendant urges, pursuant to 8 U.S.C. § 1409, his "paternity . . . [was] established . . . by legitimation" while he was under the age of twenty-one, and as such, he is entitled to derivative citizenship. In the alternative, Defendant argues application of California Civil Code Section 230—the law on legitimation in effect at the time of his birth—would still have served to establish paternity by legitimation pursuant to 8 U.S.C. § 1409.

---

[3]Under Cal. Civ. Code § 7004, which is now recodified at Family Code § 7611, a man is presumed to be the natural father of a child if, inter alia, he "holds out the child as his natural child." Cal. Fam. Code § 7611((d).

- 3 -                                                                                              06cr2505

1 Finally, and in the further alternative, Defendant argues he was conclusively legitimated under
2 Mexican law even before his entry into the United States. Defendant urges the Court to reconsider
3 its prior ruling to prevent manifest injustice.

**i.    Analysis**

Even crediting Defendant's argument regarding the Court's analysis of prejudice, Defendant's motion for reconsideration is properly denied. Defendant has raised no issue with respect to the Court's other dispositive ground for denying Defendant's motion: the conclusion that the IJ correctly interpreted 8 U.S.C. § 1409 as requiring a blood relationship in order for a child to take advantage of derivative citizenship provisions.

Under the relevant version of 8 U.S.C. § 1409, the derivative citizenship provisions apply to a child "if the paternity of such child is established while such child is under the age of twenty-one years by legitimation."[4] The Government's position in opposing the motion to dismiss was that, not withstanding the applicability of California law in determining the requirements for legitimation, see 8 U.S.C. § 1101 ("defining child, inter alia, as a person "legitimated under the law of the child's residence or domicile"), section 1409's language that "paternity [be] established" limits its application to parents and children with a biological connection since the term "paternity" is synonymous with "biological connection." Thus, even if California's laws would allow legitimation even where it is clear that there is no biological connection between the father and child, the Government argued Defendant could not take advantage section 1409 because of the conceded lack of a biological link with Mr. Marguet. Defendant, on the other hand, urged the Court to defer to California law and to find that if he had been legitimated under California law, his "paternity [was] established . . . by legitimation" pursuant to 8 U.S.C. § 1409.

Interpreting this provision in the July 16, 2007 Order, the Court found guidance in the Supreme Court's decision in Miller v. Albright, 523 U.S. 420 (1998). Justice Stevens's opinion in that case,

---

[4] As explained in the Court's previous opinion, 8 U.S.C. § 1409 controls the application of a specific provision on derivative citizenship, 8 U.S.C. § 1401(a)(7) (1966), which included in the category of "citizens of the United States at birth:"

> a person born outside of . . . the United States . . . of parents one of whom is an alien, and the other a citizen of the United States . . . .

which discussed later amendments to 8 U.S.C. § 1409, equates "paternity" with "biological relationship." <u>Id.</u> at 435-36. While the <u>Miller</u> opinion does not specifically analyze the 1954 version of 8 U.S.C. § 1409, the Court's discussion of subsequent amendments to the statute, which required paternity be established by clear and convincing evidence, assumed without discussion that the 1954 version similarly required a blood relationship. <u>Id.</u> Relying in part on the Supreme Court's dicta, and in the absence of any compelling authority to the contrary, the Court's July 17th Order adopted the Government's position and concluded Defendant is ineligible to utilize 8 U.S.C. § 1409, where the lack of a biological relationship between him and Mr. Marguet has been conceded.

Based on this interpretation of the statute, even if the Court were to accept Petitioner's conclusion regarding the proper interpretation of California or Mexican law on legitimation, Petitioner is ineligible for derivative citizenship because he is unable to establish a biological connection with Mr. Marguet. This is the case whether Petitioner's case is evaluated under California or Mexican law.

Defendant's present motion for reconsideration presents no new evidence, authority, or argument to controvert the Court's interpretation of the 1954 verison of 8 U.S.C. § 1409. Accordingly, the Court finds no reason to reconsider the issue.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to reconsider its previous ruling on his motion to dismiss the indictment due to an invalid deportation.

**IT IS SO ORDERED.**

**DATED: March 25, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**